UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON N. DAILEY,<br><br>    Plaintiff,<br><br>  v.<br><br>WELLPATH, et al.,<br><br>    Defendants. | No.  2:24-cv-00669-DAD-CKD<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT, AND CLOSING THIS ACTION<br><br>(Doc. No. 16) |

Plaintiff Sharon N. Dailey is a former county inmate proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 9, 2024, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's first amended complaint ("FAC") (Doc. No. 16) be dismissed without leave to amend.  (Doc. No. 23.)  In particular, the assigned magistrate judge found that plaintiff's first amended complaint in this case sets forth allegations which are duplicative of claims raised by plaintiff in an earlier case, *Dailey v. Ellis*, No. 2:23-cv-00786-TLN-CSK (E.D. Cal.).  (*Id.* at 2.)  Because the instant action involves the same allegations against the same defendants, the assigned magistrate judge recommended dismissal of this action without further leave to amend.  (*Id.*)  The pending findings and recommendations were served upon the parties

1

and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 3.) On July 10, 2025, several months after objections were due, plaintiff filed untimely objections to the pending findings and recommendations. (Doc. No. 26.)

      Plaintiff's objections are primarily a response to a "Notice of Discharge and Injunction" filed by defendants Wellpath and Nagar regarding the effect of a separate bankruptcy order on this action.[1] (Doc. Nos. 25, 26 at 1.) Plaintiff's only objection to the pending findings and recommendations is that the present action is not duplicative because there are "no other open or pending cases" involving the same allegations or defendants. (Doc. No. 26 at 1.) The court observes that *Dailey v. Ellis* was dismissed by the court on March 31, 2025 for failure to prosecute. No. 2:23-cv-00786-TLN-CSK (Doc. No. 24) (E.D. Cal.). Federal Rule of Civil Procedure 41 provides that, "[u]nless the dismissal order states otherwise," an involuntary dismissal for failure to prosecute "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Accordingly, the Ninth Circuit has held that a dismissal order based on a failure to prosecute without any qualification is with prejudice. *Huey v. Teledyne, Inc.*, 608 F.2d 1234, 1237 (9th Cir. 1979) (finding that dismissal "for want of prosecution" was with prejudice); *see also Kisaka v. Univ. of S. Cal.*, No. 2:21-cv-04757-CJC-GJS, 2021 WL 5921471, at *6 (C.D. Cal. Nov. 15, 2021) (collecting Ninth Circuit authority), *report and recommendation adopted*, 2021 WL 5988267 (C.D. Cal. Dec. 16, 2021). Therefore, a prior action being dismissed for failure to prosecute does not remove the bar against subsequent duplicative actions, because under Rule 41(b) the prior dismissal is with prejudice. *See Love v. Tri Counties Bank*, No. 2:24-cv-01823-TLN-CSK, 2025 WL 435926, at *5 (E.D. Cal. Feb. 7, 2025) (finding that the defendant would be deprived of an earlier judgment for failure to prosecute if duplicative action were allowed to proceed), *report and recommendation adopted*, 2025 WL 790201 (E.D. Cal. Mar. 12, 2025); *see also Brooks v. Brooks*, No. 15-cv-05237-HRL-PR, 2016 WL 9686997, at *2 (N.D. Cal. Oct. 18, 2016) (finding that the action before the court was duplicative of a prior action which was

/////

---

[1] The court does not address the impact of this discharge notice on this action because it dismisses the action for separate reasons.

2

dismissed for failure to prosecute). Accordingly, the court finds that plaintiff's objections provide no basis upon which to reject the magistrate judge's recommendation.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and proper analysis.

For the reasons above,

1. The findings and recommendations issued on October 9, 2024 (Doc. No. 23) are ADOPTED in full;

2. Plaintiff's first amended complaint (Doc. No. 16) is DISMISSED without leave to amend; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **December 19, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3